-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRYN PARKER,

                    Plaintiff,

                 -v-                              **DECISION and ORDER**
                                                  11-CV-0630S
THOMAS LANGELOTTI,

                    Defendant.


On August 3, 2011, the Court denied plaintiff's motion to proceed *in forma pauperis* on the basis that he had garnered "three strikes" pursuant to 28 U.S.C. § 1915(g) and was therefore precluded from proceeding *in forma pauperis* unless he was in imminent danger of serious physical injury and directed the Clerk of the Court to dismiss this action if plaintiff did not pay the filing fee within 30 days. (Docket No. 4, Decision and Order.) The Court had determined that plaintiff had at least three cases dismissed for strike reasons: 08-CV-0814S, 09-CV-0212S, and 09-CV-0248S. Following the denial of his motion to proceed *in forma paupers*, plaintiff filed a letter acknowledging that he had filed prior civil actions but that "not all, if any, were not [sic] dismissed based on [strike] grounds," and if they were he "would ask for proof of [that]; because [his] records, as it relates to the grounds for the prior dismissals show different." (Docket No. 5.) He also asks that if the Court does not reconsider its Decision and Order, he wanted the Court to issue a "'certificate of appealability'" so that he could appeal from the Decision and Order.

The Court has again reviewed the three prior dismissals relied on to deny plaintiff's permission to proceed *in forma pauperis*--08-CV-0814S, 09-CV-0212S, and 09-CV-0248S-- and again finds that the prior dismissals were for strike reasons--*i.e.*, frivolous, malicious or

fails to state a claim upon which relief can be granted, 28 U.S.C. § 1915(g)--and, therefore, plaintiff's letter, which, in effect, requests the Court to reconsider the Decision and Order is denied.  Also, because this action is not a petition for a writ of habeas corpus pursuant to 28 U.S.C. § § 2254 and 2255, but rather a civil action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, plaintiff does not need a certificate of appealability in order to file a notice of appeal.  *See* 28 U.S.C. 2253(c)(1).

Plaintiff will be afforded one more opportunity to pay the $350.00 filing fee.  If plaintiff fails to pay the filing fee by April 5, 2012, this action will be dismissed without further order or notice from the Court.

**PRIOR ACTIONS**

First Strike

In the case of *Parker v. Honorable Judge Schwartz, et al.*, 08-CV-0814S(F), plaintiff sued a number of county and city court judges, assistant district attorneys, public defenders, a deputy county attorney and a law clerk to a judge alleging, in some manner, a conspiracy to violate his constitutional rights in relation to a then pending state criminal prosecution. Plaintiff sought to enjoin the criminal prosecution and monetary damages.  The Court denied the request to enjoin the prosecution, *see Younger v. Harris*, 401 U.S. 37 (1971), and dismissed the claims against each of the defendants, *sua sponte*, pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A on the grounds of: (a) absolute judicial immunity, (b) absolute prosecutorial immunity,[1] and (c) lack of state action on the part of the public defenders.  (08-

---

[1]*See Collazzo v. Pagano*, 656 F.3d 131, 134, n. 2 (following the Decision and Order in this action denying plaintiff permission to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), Second Circuit held that claims dismissed on grounds of absolute prosecutorial immunity are considered "frivolous" for purposes of 28 U.S.C. § 1915(g) but limited its holding to cases in the "readily distinguishable heartland of immune prosecutorial misconduct that [is] . . . 'intimately associated with the judicial phase of process.'")  *See also Flagler v. Trainor*, 663 F.3d 543, 551 (2d Cir. 2011) (Calabresi, concurring) ("[A] dismissal based on immunity

CV-0814S(F), Docket No. 4, Decision and Order.)  This dismissal therefore was a strike for purposes of § 1915(g).

09-CV-0212S

The complaint in *Parker v. Gambino, Investigator, et al.*, 09-CV-0212S was dismissed on the basis that it was barred by the favorable termination rule of *Heck v. Humprhey*, 512 U.S. 477, 486-87 (A claim under 42 U.S.C. § 1983 for damages must be dismissed if a judgment in favor of a plaintiff would necessary imply the invalidity of plaintiff's state court conviction or sentence, unless the conviction or sentence has already been invalidated. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.") Because the plaintiff's conviction had not been invalidated in any away the complaint was dismissed inasmuch as it failed to state a claim upon which relief could be granted.[2]  *See, e.g., Walton v. Alston*, 10 Civ. 6301(JSR)(JCF), 2011 WL 873245, at *2 (plaintiff's claim dismissed on basis of *Heck* was "categorically not cognizable at time [plaintiff] filed it, and thus it is properly considered a strike under § 1915(g).") (citation omitted)).


09-CV-0428S(F)

The complaint in *Parker v. Rochester, NY City/County Public Judges, et al.*, 09-CV-0428S(F), like the two other cases discussed above that the Court had dismissed, related

---

will not be frivolous unless the district court making the § 1915(g) determination deems the former case to fall within the 'distinstinguishable heartland of immune prosecutorial misconduct.'").  The dismissal in 08-CV-0814S was within the "heartland of immune prosecutorial misconduct that [is] intimately associated with the judicial phase of process" and thus "frivolous" for purposes of § 1915(g).

[2]The claim against the Monroe County Jail was dismissed because there were no allegations of a municipal policy or custom, *see Monell v. New York City Dept. of Social Services*, 436 U.S. 658, and because the Jail is not an entity subject to suit separate and apart from the County.  *See Brockport v. County of Monroe Pure Waters Div.*, 75 A.D.2d 483, 486 (4th Dept. 1980), *aff'd* 54 N.Y.2d 678 (1981).

to plaintiff's prior criminal prosecution in Monroe County, New York, and was again against the various County Court and City Court Judges, District Attorney and Assistant District Attorneys and Public Defender and Assistant Public Defenders who were involved in any way in plaintiff's criminal prosecution, which led to his eventual conviction and sentence. That complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A for failure to state a claim upon which relief could be granted and thus was a strike for purposes of § 1915(g).  (09-CV-0428S, Docket No. 6, Decision and Order, at 2-4 (citing *Iqbal v. Ashcroft*, 566 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009)).  Because the Court had dismissed the complaint for failure to state a claim upon which relief could be granted, it did not address the other potential bases for dismissal, including, *Younger* abstention, absolute judicial and prosecutorial immunity and lack of state action.  (*Id.*, at n. 4.)

Accordingly, plaintiff had had three cases dismissed for strike reasons at the time it denied plaintiff's motion to proceed *in forma pauperis* in this action and, to the extent plaintiff's letter (Docket No. 5) seeks reconsideration of the Decision and Order denying plaintiff's application to proceed *in forma pauperis* it is denied.  Additionally, plaintiff's request for a certificate of appealability is denied.

Plaintiff has until **April 5, 2012**, to pay the filing fee of $350.00 or this action will be dismissed pursuant to 28 U.S.C. § 1915(g) without further order or notice from the Court.

SO ORDERED

Dated:        March 6, 2012
              Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

4